UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAMERON SHEPHERD,

    Plaintiff,

v.

ROBERT NUESCHMID, et al..

    Defendants.

No. 2:19-cv-0084 JAM DB P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's first amended complaint for screening and his motion for the appointment of counsel. For the reasons set forth below, this court finds plaintiff states potentially cognizable claims against defendant Cornwell but fails to state claims against the remaining defendants. Plaintiff will be permitted to either proceed on certain claims in his first amended complaint against Cornwell or amend his complaint. This court will deny plaintiff's motion for the appointment of counsel.

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In

addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

I. **First Amended Complaint**

Plaintiff complains of conduct that occurred at California State Prison, Solano ("CSP-Sol") in 2017. Plaintiff identifies the following nine defendants: (1) Robert Nueschmid, Warden at CSP-Sol; (2) Robert Mitchell, Associate Warden at CSP-Sol; (3) Custody Captain Justice;[1] (4) Correctional Lieutenant Jesse Rubalcaba; (5) Correctional Officer ("CO") Skylar Hanlon; (6) Correctional Sergeant A. Cornwell; (7) Correctional Lieutenant Scott Norton; (8) CO Mironov; and (9) CO Troxil.

Plaintiff alleges that on August 13, 2017, defendant Rubalcaba observed plaintiff on video placing something into the rear area of his pants. Rubalcaba sent defendant Hanlon to conduct a full body strip search of plaintiff. Hanlon "allegedly" found two bindles "on plaintiff's person."

X-ray technician, defendant Troxil, conducted a body scan of plaintiff and of inmate Sanders. The x-ray showed no contraband for either plaintiff or Sanders. Plaintiff was then examined by a nurse who also found no contraband.

Troxil told defendant Hanlon that plaintiff's x-ray results were negative. Hanlon then told Troxil that plaintiff was going on contraband watch because defendant Rubalcaba "was not letting plaintiff off that easy."

Defendant Cornwell then placed plaintiff in the clothing for contraband watch. Cornwell taped the bottom part of the boxers too tightly around plaintiff's thighs and the top too tightly around plaintiff's waist and arms. Plaintiff protested that the tape was too tight. Cornwell ignored him.

---

[1] Plaintiff also refers to this defendant as "Justin."

2

Plaintiff contends he was made to wear three jumpsuits in size XXL. However, that size was too small for his frame, causing tightness around the neck and chest area. Cornwell could see that the jump suits were too tight. He told plaintiff he would check everything when he was done. Cornwell then continued to tape the clothing and placed mittens on plaintiff's hands and shackles on plaintiff. Plaintiff complained of numbness in his feet and hands. However, Cornwell did not loosen the restraints or the jump suits.

In the cell, plaintiff lay on a metal bed with no mattress in a fetal position, to relieve the pressure on his neck. He was only provided a mattress at night, which prevented him from sleeping during the day.

On August 14, 2017, defendant Mironov contacted Cornwell three times because plaintiff needed to urinate and only Cornwell could remove his restraints so that plaintiff could do so. It took Cornwell 60 minutes to come to the cell, but plaintiff had urinated on himself in the meantime.

After plaintiff was allowed to clean himself, Cornwell reapplied the clothing and restraints in an overly tight manner again. Plaintiff complained and was, again, ignored by Cornwell. Plaintiff asked to speak to defendant Justice. Cornwell brought back defendant Norton who told plaintiff that peeing on himself was "what happens when someone tries to sneak drugs in prison."

Plaintiff was on contraband watch for three days. As soon as he was off, he wrote a 602 appeal complaining of his treatment by defendants Cornwell and Norton.

Plaintiff further contends that defendants Norton and Cornwell retaliated against him at his disciplinary hearing in December 2017. He states that he wrote a 602 appeal about that "bias" hearing also and that his appeal "came to the attention" of the warden, defendant Nueschmid and "nothing was done."

Plaintiff alleges that as a result of the contraband watch, he has damage to his urinary tract, an injury to his back, and is on mental health medication.

Plaintiff seeks declaratory relief and damages.

////

////

3

**II.     Does Plaintiff state Cognizable Claims for Relief?**

Plaintiff states that he is alleging federal claims for deliberate indifference, excessive force, deprivation of basic human needs, violations of his due process rights, and retaliation. In addition, plaintiff contends he states claims for intentional infliction of emotional distress and "intentional negligence."

Initially, the court notes that plaintiff fails to state any potential claims for relief against most of the defendants. Plaintiff fails to establish any actions taken by defendants Nueschmid, Mitchell, Justice, Hanlon, Mironov, or Troxil that the court could find potentially caused plaintiff any harm. Plaintiff is reminded that supervisory personnel are not liable for the conduct of their employees. In order to establish liability under § 1983, plaintiff must show a causal link between the conduct of a defendant and a constitutional violation. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). Further, denying a prisoner's administrative appeal does not generally cause or contribute to the underlying violation. See George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Hernandez v. Cate, 918 F. Supp. 2d 987, 1018 (C.D. Cal. 2013).

**A. Excessive Force**

Plaintiff claims defendant Cornwell was deliberately indifferent to the pain and loss of circulation that plaintiff suffered when the contraband watch clothing and restraints were applied too tightly. (ECF No. 11 at 14-15.) The court finds plaintiff has stated a potentially cognizable claim against defendant Cornwell for a violation of his Eighth Amendment rights to be free of excessive force.

**B. Conditions of Confinement**

Plaintiff also contends both Cornwell's actions and the conditions of contraband watch – being "taped up," being shackled, having both hands restrained in mittens, being forced to lie on a metal bed during the day, and having bright lights 24-hours a day - deprived plaintiff of sleep for three days. Plaintiff contends defendants Nueschmid, Justice, Mitchell, Cornwell, and Rubalcaba all were aware of the conditions of contraband watch and failed to prevent them. (ECF No. 11 at 15-16.) As plaintiff was informed in the court's prior screening order, the Ninth Circuit has held that these normal conditions of contraband watch do not amount to an Eighth Amendment

4

violation. (See ECF No. 8 at 7 (citing Chappell v. Mandeville, 706 F.3d 1052, 1057-62 (9th Cir. 2013).) Moreover, plaintiff fails to show that the contraband watch policy was designed to impose sleep deprivation. He does not allege sufficient facts to show these defendants were deliberately indifferent to a "risk of serious harm" to plaintiff. Farmer v. Brennan, 511 U.S. 825, 847 (1994). Plaintiff fails to state a cognizable claim regarding the conditions of his confinement on contraband watch.

### C. Due Process

Plaintiff contends he was not provided notice regarding why he was being placed on contraband watch. Plaintiff appears to assume that because his x-ray results showed no contraband, defendants were not entitled to place him on contraband watch. He also states that when he protested his placement, he was ignored. According to plaintiff, this was a violation of his rights to due process.

In order to find that plaintiff was entitled to due process protections before being placed on contraband watch, this court must find he had a liberty interest triggering those protections. The Ninth Circuit has held that a seven-day contraband watch "is the type of condition of confinement that is ordinarily contemplated by the sentence imposed." Chappell, 706 F.3d at 1063. Accordingly, placement on temporary contraband watch does not implicate a liberty interest and does not trigger due process protections. Id. at 1063-65. Plaintiff fails to state a cognizable due process claim.

### D. Retaliation

Plaintiff contends that he filed a 602 appeal involving the conduct of defendants Norton and Cornwell in August 2017. Then, in December 2017, Norton oversaw plaintiff's hearing on a rules violation. Plaintiff alleges Norton had a predetermined belief that plaintiff was guilty and he and Cornwell intimidated plaintiff at the hearing by "yelling" at plaintiff and smiling at each other.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

5

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). Here, plaintiff's allegations fail to establish the causation requirement. He fails to show that Norton's conduct was motivated by plaintiff's filing of the 602 appeal. To the extent plaintiff is attempting to allege a retaliation claim against Cornwell, he fails to establish that Cornwell took an adverse action against him. The fact Cornwell may have yelled at plaintiff is insufficient to have chilled the exercise of plaintiff's First Amendment rights. See Nguyen v. Amsberry, No. 6:18-cv-0841 PK, 2018 WL 4409380, at *2 (D. Or. Sept. 15, 2018) (yelling and screaming not the sort of adverse action contemplated by the First Amendment). Further, plaintiff does not show that any action Cornwell took was the due to plaintiff's filing of the appeal. Plaintiff fails to state a cognizable claim for retaliation.

**E. State Law Claims**

Plaintiff alleges he was subjected to the intentional infliction of emotional distress by numerous defendants and that they failed to exercise reasonable care when they placed him on contraband watch. Plaintiff also claims Cornwell was negligent in leaving his post for an hour, which caused plaintiff to urinate on himself.

The elements of a negligence cause of action under California law are: "(1) a legal duty to use due care; (2) a breach of such legal duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Megargee v. Wittman, 550 F. Supp. 2d 1190, 1209 (E.D. Cal. 2008) (citations omitted)). It is a "long-established principle of California negligence law that the reasonableness of a peace officer's conduct must be determined in light of the totality of the circumstances." Hayes v. County of San Diego, 57 Cal.4th 622, 632 (2013) (citations omitted).

Liberally construing plaintiff's allegations, the court finds he has stated a claim for negligence against defendant Cornwell for placing him in too-tight clothing and restraints. However, plaintiff does not state cognizable negligence claims against the remaining defendants. To the extent they were involved in the decision to place plaintiff on contraband watch or were involved in the policies creating it, plaintiff fails to show those actions were unreasonable.

6

With respect to plaintiff's claim involving Cornwell's hour-long absence, the court does not find that absence unreasonable. Many people, including schoolchildren, are forced to wait well over an hour to use the bathroom. Nor does plaintiff show that he had a particular need to urinate frequently that was known to Cornwell. Plaintiff does not state a negligence claim against Cornwell for forcing plaintiff to wait for an hour to be permitted to use the bathroom.

The elements of an intentional infliction of emotional distress claim under California law are: "outrageous conduct by defendant, (ii) an intention by defendant to cause, or reckless disregard of the probability of causing, emotional distress, (iii) severe emotional distress, and (iv) an actual and proximate causal link between the tortious conduct and the emotional distress." Nally v. Grace Community Church of the Valley, 47 Cal. 3d 278, 300 (1988) (citation omitted). Again, plaintiff's allegations support this state law tort claim against defendant Cornwell but not against the remaining defendants.

Plaintiff states that he submitted a claim under the Government Claims Act for these state law claims. The court finds he has adequately alleged claims for intentional infliction of emotional distress and negligence against defendant Cornwell.

## MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel because he has no legal training, because it will be difficult to conduct investigations from prison, because plaintiff cannot afford to hire an attorney, and because he has a sixth-grade education level. (ECF No. 12.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

**CONCLUSION**

The court finds above that plaintiff has stated the following potentially cognizable claims against defendant Cornwell: (1) excessive force in violation of the Eighth Amendment; (2) intentional infliction of emotional distress; and (3) negligence. Plaintiff fails to state claims against the remaining defendants. Plaintiff will be permitted an opportunity to amend his complaint to attempt to state a claim against those defendants. In the alternative, plaintiff may proceed on the claims against Cornwell that the court finds potentially cognizable. Plaintiff is warned that in any amended complaint he must include all claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of

8

official participation in civil rights violations are not sufficient." <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; <u>cf.</u> Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. <u>See</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's claims against defendant Nueschmid, Mitchell, Justice, Rubalcaba, Hanlon, Norton, Mironov, and Troxil are dismissed with leave to amend.
2. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
   a. If plaintiff chooses to proceed on his current Eighth Amendment excessive force and state law claims against defendant Cornwell, he shall so notify the court within thirty days. The court will then order service of the complaint on this defendant and will recommend dismissal of plaintiff's remaining claims and the remaining defendants.

9

       b. If plaintiff chooses to amend his complaint, within thirty days from the date of service of this order, he must filed an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, will result in the case proceeding on plaintiff's Eighth Amendment and state law claims identified above. The court will then recommend dismissal of plaintiff's remaining claims.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

4. Plaintiff's motion for the appointment of counsel (ECF No. 12) is denied.

Dated: May 28, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/shep0084.FAC scrn