UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON SHEPHERD,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT NUESCHMID, et al.,<br><br>Defendants. | No. 2:19-cv-0084 JAM DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has again requested appointment of counsel. Plaintiff argues that his case is complex, he will have difficulty conducting any factual investigations, he is unable to afford counsel, he has a sixth-grade education level, and he will need help conducting a jury trial. (ECF No. 15.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

On screening, the court found plaintiff stated claims of excessive force and state law tort claims against defendant Cornwell for placing him in too-tight clothing and restraints when he was on contraband watch. Those claims are not particularly complex. In addition, the court notes that plaintiff's motion for the appointment of counsel is well-reasoned and supported by legal authority. Plaintiff appears to be able to adequately prosecute this action. At this point in these proceedings, the court finds no basis to attempt to locate volunteer counsel to assist plaintiff.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 15) is denied.

Dated: June 12, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/shep0084.31(2)

2