IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON SHEPHERD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. NUESCHMID, et al.,<br><br>　　　　　Defendant. | Case No. 2:19-cv-0084 JAM DB P<br><br>ORDER |

　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Four motions are before the court.  On November 30, 2020, plaintiff filed a motion for an extension of time to conduct discovery and a motion for appointment of counsel.  On December 21, 2020, plaintiff filed a motion to compel.  On January 11, 2021, defendants filed a motion for an extension of time to respond to the motion to compel.

　　　This court finds good cause for defendant's motion for an extension of time.  However, defendants' filing shall address both plaintiff's motion for an extension of time to conduct discovery and plaintiff's motion to compel.  After receipt of all briefing on plaintiff's motion for an extension of the discovery cut-off and plaintiff's motion to compel, this court will rule on those motions.  Below, this court considers plaintiff's motion for the appointment of counsel

Plaintiff seeks the appointment of counsel because he is inexperienced in the law; he has limited access to the law library; he cannot afford a lawyer; the legal issues in this case are complex and have merit; conducting investigations while incarcerated is difficult; he is suffering from depression; and he will require an expert to properly litigate his case.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 59) is denied; and

2. Defendants' motion for an extension of time (ECF No. 61) is granted.  Within 30 days of the date of this order, defendants shall file a response to both plaintiff's motion for an extension of time to conduct discovery and plaintiff's motion to compel.

Dated:  January 14, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/shep0084.mtc oppo.eot