UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON SHEPHERD,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT NEUSCHMID, et al.,<br><br>Defendants. | No. 2:19-cv-0084 JAM DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On screening plaintiff's second amended complaint, this court found plaintiff alleged the following claims against defendant Cornwell, a correctional officer at California State Prison, Solano ("SOL") and the only defendant remaining in this action: (1) excessive force in violation of the Eighth Amendment; (2) intentional infliction of emotional distress; and (3) negligence. (See ECF No. 18.) Before the court are plaintiff's motion to compel responses to requests for production of documents and plaintiff's request for subpoenas. (ECF Nos. 60, 66.) For the reasons set forth below, this court will grant in part and deny in part plaintiff's motion to compel and will deny without prejudice plaintiff's motion for subpoenas.

**MOTION TO COMPEL**

Plaintiff filed the present motion to compel on December 21, 2020. (ECF No. 60). Defendant Cornwell filed an opposition. (ECF No. 66.) Plaintiff did not file a reply. Plaintiff

1

also filed a "declaration" complaining about his meeting regarding discovery with defendant's counsel. (ECF No. 64.) Defendant filed a response. (ECF No. 69.)

Plaintiff seeks to compel responses to three requests for production of documents. He seeks responses to requests nos. 3 and 14, which request reports and notes of interviews with plaintiff and with prison staff regarding plaintiff's complaint #SOL 17-1965.[1] Plaintiff also seeks to compel responses to request no. 4, which requests all complaints filed by prisoners for excessive force or for inmates being forced to urinate on themselves.

**I. Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman

////

---

[1] The complete text of plaintiff's requests, and defendant's responses, is attached to defendant's opposition brief. (See ECF No. 66 at 13-21.) Defendant complains that plaintiff's motion is procedurally defective because it did not include the full text of the discovery at issue. Given plaintiff's pro se status, and his descriptions of the requests and responses in his motion, this court will not deny plaintiff's motion based on the procedural defect.

Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).  Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998).  "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

**II. Analysis**

    **A. Documents re Investigation of Complaint #SOL 17-1965**

The two requests at issue are:

Request No. 3

> Produce the written reports for interviews by supervisory staff member who was assigned to staff complaint Log NO: Sol-17-01965. In which she conducted and Inquiry into This staff Complaint, which included A Review of The Evidence And An Evaluation of "any" interview conducted. Therefore, I would like All Report's and copy's of All report's and interviews, As well as all staff involved confidential interviews and report's regarding appeal Log NO: Sol-17-01965 Staff complaint, documented by Second level Review supervisory staff/member, and Interviewer Lt. D. Pongyan.

Request No. 14

> Produce A copy of correctional officer Mirinov Statement regarding 8-14-17 when Plaintiff was Forced to use Restroom on self.

Defendant's counsel states that during the meet and confer telephone call with plaintiff, the parties agreed to the following procedure.  Plaintiff would be permitted to review these

3

documents in a secure location at the prison.  He would be permitted to take notes, and would be permitted to review the documents at a later date if necessary.  However, plaintiff would not be permitted to obtain copies of the documents.  According to defendant's counsel, based on this agreement, plaintiff's motion to compel responses to request nos. 3 and 14 is moot.

However, in his declaration filed prior to defendant's response to the motion to compel, plaintiff objects to defendant's position that he will not be provided a copy of the documents. (ECF No. 64.)  He argues that they are relevant and, therefore, should not have any confidentiality protections.  In the responses to the motion to compel and to plaintiff's declaration, defendant argues that the documents reflecting witness interviews are confidential.

Defendant cites state regulations regarding the release of confidential information. However, in §1983 cases, federal law, not state law, applies to resolve the question of privileges. See Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 511 F.2d 192, 197 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976); Bryant v. Armstrong, 285 F.R.D. 596, 604 (S.D. Cal. 2012).

Federal common law recognizes a qualified privilege for official information.  See Kerr, 511 F.2d at 197-98.  To determine whether the official information privilege applies, the court must balance the interests of the party seeking discovery and the interests of the government entity asserting the privilege.  Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995).  In the context of civil rights action, "this balancing approach is moderately 'pre-weight[ed] in favor of disclosure.'"  Bryant, 285 F.R.D. at 596 (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987)).

This court's duty to balance the parties' interests in disclosure are triggered when the party opposing disclosure makes a "substantial threshold showing."  Soto, 162 F.R.D. at 613 (quoting Kelly, 114 F.R.D. at 669).  The party opposing disclosure "must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit."  Id.; see also Stevenson v. Blake, No. 11-103 LAB (WVG), 2012 WL 3282892, at *2 (S.D. Cal. Aug. 10, 2012).  The declaration must include: "(1) an affirmation that the agency has maintained the confidentiality of the documents at issue; (2) a statement that the official has personally reviewed the documents; (3) a specific identification of the governmental or privacy

4

interests that would be compromised by production; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to these interests; and (5) a projection of how much harm would be done to these interests if disclosure were made." Id. (citing Kelly, 114 F.R.D. at 670). If the objecting party does not meet the requirements for invoking the privilege, a court will typically overrule the privilege objection and order full disclosure. Bryant, 285 F.R.D. at 605.

The declaration of N. Difuntorum, the Litigation Coordinator at SOL states that staff members who gave the statements in question did so with an expectation that they would remain confidential. Further, prison policy provides that copies of these statements are not provided to inmates. N. Difuntorum contends that officers' expectation of privacy results in greater openness and truthfulness in their reports and interviews.

The court finds the privacy concerns of prison staff to be of limited importance compared to the relevance of this information to plaintiff's case. Moreover, the rationale behind defendant's confidentiality argument is weak. Staff should be expected to be honest in their reporting of events, regardless of the availability of that information to the prisoner during litigation. Moreover, as prison officials should be aware, courts have held that investigative documents regarding excessive force complaints are discoverable. See Grigsby v. Munguia, No. 2:14-cv-0789-GEB-AC-P, 2016 WL 900197, at *4 (E.D. Cal. Mar. 9, 2016) (information uncovered during an investigation of plaintiff's excessive force claim is discoverable), mot. for recon. granted in part, 2016 WL 1461614, at *1 (E.D. Cal. Apr. 14, 2016) (requiring CDCR investigative report to be reviewed in camera before being provided to plaintiff); Tabarez v. Butler, No. Civ-S-0360-LKK-EFB-P, 2010 WL 55669, at *1 (E.D. Cal. Jan. 5, 2010) (court grants discovery "for the limited purpose of allowing plaintiff to subpoena from the custodian of records, documents pertaining to 'any internal affairs investigations that took place following the riot, as well as any memos or other correspondence pertaining to any breach of policy or use of excessive force'"); Parks v. Tait, No. 08-CV-1031-H JMA, 2009 WL 4730907, at *6 (E.D. Cal. Dec. 7, 2009) (investigative reports regarding plaintiff's excessive force allegations are discoverable).

Defendant agreed during the meet and confer process to permit plaintiff to examine these documents. Defendant does not explain why the court should make a distinction between permitting plaintiff to see and take notes regarding the documents and providing plaintiff with copies of the documents. Both means of producing the information implicate the same confidentiality concerns expressed by defendant.

Moreover, defendant does not explain why a protective order would not adequately address those confidentiality concerns. Such an explanation is required to assert the privilege. See Soto, 162 F.R.D. at 613 (The requirements for asserting a privilege include "a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm" to the interest in confidentiality.)

Given the relevance of the prison's investigation of plaintiff's grievance to this case, this court finds production of the documents subject to a protective order most appropriate. Defendant will be permitted to propose a protective order. Once a protective order is approved, this court will require defendant to produce the documents sought in requests nos. 3 and 14.

**B. Prisoner Grievances and Staff Complaints**

In his document production request, plaintiff seeks copies of all grievances and complaints submitted against all staff for excessive force and for forcing inmates to urinate on themselves. (See ECF No. 66 at 16.) Defendant objected to the request on the grounds that it was overbroad and burdensome, among other things. This court agrees. The only defendant in this action is Cornwell.[2] Therefore, only his actions are at issue. Courts regularly grant plaintiffs in excessive force cases leave to obtain the defendant officers' disciplinary files. See, e.g., Lawrence v. City & Cty. of San Francisco, No. 14-cv-0820-MEJ, 2016 WL 3254232, at *4 (N.D. Cal. June 14, 2016); Nehad v. Browder, No. 15-CV-1386 WQH NLS, 2016 WL 2745411, at *2 (S.D. Cal. May 10, 2016); Henderson v. Peterson, No. C 07-2838 SBA PR, 2011 WL 441206, at *2 (N.D. Cal. Feb. 3, 2011); Zackery v. Stockton Police Dep't, No. CIV S-05-2315 MCE DAD P, 2007 WL

---

[2] Plaintiff's motion indicates that he has narrowed his request to seek only complaints against defendant Cornwell. (See ECF No. 60 at 2.) To the extent he seeks complaints regarding other staff members, this court finds they are not discoverable because they are not relevant to this action and because that request is overbroad.

6

1655634, at *2 (E.D. Cal. June 7, 2007); Soto v. City of Concord, 162 F.R.D. 603, 615 (N.D. Cal. 1995) ("Records of complaints against defendant officers relating to their use of excessive force has been found to be relevant to a plaintiff's civil rights claim.")  This court finds merit in defendant's argument that plaintiff's request is overbroad as it is not limited in time.  This court will limit the discoverable documents to those regarding incidents occurring no more than ten years prior to the incident at issue in this case.

Defendant cites several cases in which, he contends, judges have held to the contrary. (See ECF No. 66 at 4-5.)  However, the first case he cites does not support his position.  In Taylor v. O'Hanesson, 1:11-cv-00538 LJO SAB (PC), 2014 WL 2696585, at *5 (E.D. Cal. June 13, 2014), Judge Boone held that plaintiff may discover allegations brought against defendants "by others to claims similar to the excessive force claim upon which Plaintiff proceeds in this action." Judge Boone found such complaints may be relevant to show "'the character or proclivity of such officers toward violent behavior or possible bias" and "'may help establish a pattern or practice ... where professional conduct is called into question.'" Taylor, 2014 WL 2696585, at *5 (quoting Taylor v. Los Angeles Police Department, No. EDCV99–0383–RT(RCX), 1999 WL 33101661, *4 (C.D. Cal. 1999) and Ramirez v. County of Los Angeles, 231 F.R.D. 407, 412 (C.D. Cal. 2005)).

The second case cited by defendant does support his argument.  In Gleason v. Placencia[3], No. 1:19-cv-00539 EPG (PC), 2020 WL 5235706 (E.D. Cal. Sept. 2, 2020), Judge Grosjean relied on the fact that Evidence Code § 404 prohibits the use of evidence of prior bad acts to show that a defendant's "character" lead him to commit the acts at issue.  Judge Grosjean recognized that Evidence Code § 406 permits evidence of prior bad acts to show a habit but felt that the plaintiff in that case had not established that prior allegations of excessive force by the officers might show a habit.  See also Rangel v. Latraille, No. 1:10-CV-01790-AWI BAM PC, 2013 WL 3282942, at *8 (E.D. Cal. June 27, 2013) (court finds discovery request overbroad and that

////

---

[3] Defendant mis-identifies this case as Taylor v. Gleason.

"[p]laintiff's motion suggests that he is seeking these documents as 'character evidence,' which would not be admissible at trial").

Further, "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). As noted by Judge Boone, while character evidence may not be admissible at trial, admissibility is not the test for discovery because that evidence may be admissible for other purposes. Taylor, 2014 WL 2696585, at *5.

With respect to discovering the information to support evidence of a habit, this court finds that plaintiff need not explain with particularity how the production of complaints against defendant may demonstrate a habit. Without knowing whether or how many complaints exist, this court cannot see a way for plaintiff to make that showing. Further, even if not relevant to show a habit, the complaints could be relevant to show defendant's state of mind and motive. Nehad, 2016 WL 2745411, at *2 (plaintiff may discover complaints against the defendant officer "that are similar to the complaint made in this case" because they may be relevant to a showing of officer's state of mind); Zackery, 2007 WL 1655634, at *2 (in excessive force cases, the officers' "personnel file information has been found to be quite relevant because they may reveal the defendant officers' credibility, motive and patterns of behavior").

This court also rejects defendant's argument that the records should not be disclosed because doing so violates defendant's privacy rights. As recognized by the court in Ramirez v. County of Los Angeles, 231 F.R.D. 407, 411 (C.D. Cal. 2005):

> Most information requested by civil rights plaintiffs in these lawsuits deals with professional personnel records, such as prior involvement in disciplinary proceedings or citizen complaints filed against the officers. The privacy interest in this kind of professional record is not substantial, because it is not the kind of "highly personal" information warranting constitutional safeguard. The privacy interest in nondisclosure of professional records should be especially limited in view of the role played by the police officer as a public servant who must be accountable to public review

See also Taylor, 2014 WL 2696585, at *5 (citing Ramirez, 231 F.R.D. at 411).

This court does recognize that complaints filed against defendant may contain confidential information, such as inmate names or other personal and/or identifying information. However, that issue can easily be addressed by redacting that information from the grievances and

complaints. Defendant does not explain why redactions would not adequately address third party privacy concerns. This court grants plaintiff's motion only with respect to grievances and complaints against defendant for excessive force or forced urination in which the incidents occurred no more than ten years prior to the events at issue in this case. In addition, defendant shall redact any information that may identify the complaining parties, other inmates or staff mentioned in the document.

### C. Plaintiff's Concerns re Privacy during Meet and Confer

In his declaration filed February 8, 2021, plaintiff expresses concern regarding the way his telephone call with defendant's counsel was conducted. Plaintiff complains that the presence of a correctional counselor during the meet and confer call violated his rights to privacy regarding his lawsuit and made him feel uncomfortable. He also expresses concerns about retaliation. However, plaintiff's does not explain why he feels the telephone call was confidential. He was speaking to opposing counsel and matters regarding discovery meetings are typically discussed in briefing and therefore can be a matter of public record. Further, plaintiff does not show how the correctional counselor has been, or could be, involved in any retaliation against him. Finally, even if there were problems with the meet and confer process, this court cannot remedy those problems now that that process has concluded.

### D. Sanctions

Plaintiff seeks sanctions for being forced to file the motion to compel and for defendant's long delay in responding to discovery. A party succeeding on a motion to compel may be awarded fees unless the moving party failed to make a good faith effort to resolve the issue informally or the opposing party's nondisclosure was "substantially justified." See Fed. R. Civ. P. 37(a)(5). Because it appears defendant did make a good faith attempt to resolve the issues informally, even if that effort was unsuccessful, this court does not find sanctions appropriate. With respect to the delay, that problem can be, and has been, remedied by extensions of time.

### MOTION FOR DEPOSITION SUBPOENAS

On March 22, plaintiff filed a motion for subpoenas to require two third-party witnesses and the defendant to attend depositions by written questions. (ECF No. 70.) A subpoena is only

1  necessary for non-party witnesses.  Plaintiff does not need a subpoena to schedule a deposition of
2  defendant Cornwell.
3       This court will issue a subpoena for attendance of a witness at a deposition or trial if
4  requested by a party.  See Fed. R. Civ. P. 45(a)(3).  The in forma pauperis statute provides that
5  the U.S. Marshal will serve subpoenas for indigent inmates.  28 U.S.C. § 1915(d).  However,
6  "[d]irecting the Marshal's Office to expend its resources to personally serve a subpoena is not
7  taken lightly by the court."  Austin v. Winett, No. 1:04-cv-5104 DLB PC, 2008 WL 5213414, * 1
8  (E.D. Cal. Dec. 12, 2008).  In addition, the "Federal Rules of Civil Procedure were not intended
9  to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with
10 a subpoena. . . ."  Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991); see also United States
11 v. Columbia Broad. Sys., Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of
12 compliance with subpoena to non-party).  Therefore, while plaintiff need not request permission
13 to depose a non-inmate third party by written questions, see Fed. R. Civ. P. 31(a)(1), this court
14 will not order the U.S. Marshal to serve a subpoena until plaintiff shows that he can, in fact,
15 conduct a deposition by written questions.
16      Depositions by written questions are governed by Federal Rule of Civil Procedure 31.
17 Under Rule 31,

> The deposition upon written questions basically would work as follows: The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written recross-examination questions for the witness[.]

24 Harrell v. Jail, No. 2:14-cv-1690 TLN CKD P, 2015 WL 8539037, *1-2 (E.D. Cal. Dec. 11,
25 2015) (quoting Brady v. Fishback, No. 1:06-cv-0136 ALA (P), 2008 WL 1925242, at *1-2 (E.D.
26 Cal. Apr. 30, 2008)).  Plaintiff's in forma pauperis status does not entitle him to a waiver of any
27 of the costs associated with this form of deposition; instead, he must pay the necessary deposition
28 officer fee, court reporter fee, and costs for a transcript.  Id. (citations omitted); Lopez v. Horel,

10

No. C 06-4772 SI (pr), 2007 WL 2177460, at *2 (N.D. Cal. July 27, 2007), aff'd, 367 F. App'x 810 (9th Cir. 2010); Rowell v. Zamora, No. 2:14-cv-1888 KJM EFB P, 2018 WL 5225341, at *3 (E.D. Cal. Oct. 22, 2018) (citing Lopez, 2007 WL 2177460).

Therefore, to show that he is willing to, and can, conduct depositions by written questions, plaintiff must demonstrate that he can find a time and place for those depositions, arrange for a court reporter, and pay the deposition officer fee, court reporter fee, and costs for a transcript. If plaintiff is able to make this showing, this court will issue the subpoenas plaintiff requires to compel the attendance of non-party witnesses. This court will deny plaintiff's motion for subpoenas without prejudice to his right to renew his motion and make that showing.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel (ECF No. 60) is granted in part and denied in part as follows:

   a. Plaintiff's motion to compel production of documents responsive to request nos. 3 and 14 is granted subject to a protective order.

   b. Within twenty days of the date of this order, defendant shall file a proposed protective order for the documents responsive to request nos. 3 and 14.

   c. Plaintiff's motion to compel production of documents responsive to request no. 4 is granted only with respect to grievances and complaints against defendant for excessive force or forced urination in which the incidents occurred no more than ten years prior to the events at issue in this case. In addition, defendant shall redact any information that may identify the complaining parties or other inmates or staff mentioned in the document.

   d. Within thirty days of the date of this order, defendant shall provide plaintiff with the documents described above in paragraph 1.c.

2. To the extent plaintiff requests a remedy to address his confidentiality concerns during the meet and confer process, that request is denied.

////

////

3. Plaintiff's motion for subpoenas for depositions by written questions (ECF No. 70) is denied without prejudice.

Dated: March 29, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/shep084.mtc or