IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CAMERON SHEPHERD,<br><br>  Plaintiff,<br><br> v.<br><br> ROBERT NUESCHMID, et al.,<br><br>  Defendant. | 2:19-cv-00084 JAM DB P<br><br>PROTECTIVE ORDER<br><br>Judge: The Honorable Deborah Barnes<br>Action Filed: January 14, 2019 |

In the course of this litigation, Plaintiff Shepherd has demanded the production of documents in discovery which Defendant contends contain confidential information which, if shared or disclosed, could jeopardize the safety and security of institution(s) operated by the California Department of Corrections and Rehabilitation (CDCR), its employees, inmates, informants and their families, the Defendant, or other individuals. In an order filed March 29, 2021, this court granted in part Plaintiff's motion to compel discovery responses, subject to a protective order. The protective order herein was proposed by defendant without opposition from plaintiff. This court finds the proposed protective order appropriate and adopts it below.

////

////

**THE COURT ORDERS THE FOLLOWING TO PROTECT THE CONFIDENTIALITY OF THE DOCUMENTS DEFENDANT IS ORDERED TO PROVIDE TO PLAINTIFF PURSUANT TO THE COURT'S MARCH 29, 2021 ORDER**

**A.    CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER**

Plaintiff seeks the production of written reports, investigations, and interviews for staff complaint log number -SOL-17-01965, including that of Officer Mirinov. Plaintiff also seeks all inmate staff complaints against Defendant Cornwell for excessive force and/or inmates forced to urinate on themselves within the ten-years preceding the incident at issue in Plaintiff's complaint (August 13, 2007-August 13, 2017) ("Document" or "Documents").

These Documents may contain information that has been deemed confidential by the California Department of Corrections and Rehabilitation ("CDCR"). These Documents also contain private information of other inmates. Release of any such Documents may jeopardize the safety and security of the institution, as well as inmates and correctional personnel. Therefore, Defendant shall be entitled to designate in good faith the appropriate production of these Documents.

Defendants will provide these Documents to Plaintiff for review under specialized circumstances given their sensitive nature in the prison context.

**B.    CONDITIONS FOR RELEASE OF CONFIDENTIAL DOCUMENTS**

1. Defendants shall indicate which Documents in its production it claims are confidential by producing such Documents on pink or lilac-colored paper and by stamping them as "confidential" on their face.

2. Confidential Documents and the information contained therein may be disclosed only to the following persons:

(a) Plaintiff Shepherd, and Shepherd's appointed or retained attorney(s) of record, if any;

(b) The attorney(s) of record for Defendant and CDCR;

////

////

(c) Any paralegal, secretarial, or clerical personnel regularly employed by counsel for Shepherd, Defendant, and CDCR, who are necessary to aid counsel for Shepherd, Defendant, and CDCR in the litigation of this matter;

(d) Court personnel and stenographic reporters necessarily involved in these proceedings; and

(e) Any outside expert or consultant retained by the parties for purposes of this litigation.

As Shepherd is an inmate, incarcerated at institutions operated by CDCR, is proceeding in pro per, and claims to be indigent, Shepherd may not disclose confidential material to anyone he claims he has hired and/or employed as a legal assistant, paralegal, secretary, or clerical personnel, absent a further Order from this Court.

3. Plaintiff is prohibited from sharing any of the confidential material or information contained within the confidential material. The Documents shall not be shown to, discussed with, or disclosed in any other manner to any other inmate or former inmate, any parolee or former parolee, or any other person not indicated in paragraph 2, unless a written waiver expressly authorizing such disclosure has been obtained from counsel for Defendant and CDCR, who maintains possession and control over the original confidential material.

4. No person who has access to the confidential material, as set forth in paragraph 2, shall copy any portion of the confidential material, except as necessary to provide a copy of the confidential material to any other authorized individual listed in paragraph 2, or to submit copies to the Court under seal in connection with this matter. Any copies made for such purpose will be subject to this order. A copy of this order must be provided to any individual authorized to access the confidential material before providing that individual with access to the confidential material. Plaintiff and counsel for the parties shall maintain a record of all persons to whom access to the confidential material has been provided. The Court and counsel for Defendant and CDCR may request a copy of such record at any time to determine compliance with the Court's order.

5. Any exhibits or documents filed with the Court that reveal confidential material, or the contents of any confidential material, shall be submitted on purple or pink paper, filed under seal, labeled with a cover sheet bearing the case name and number and the statement: "This

document is subject to a Protective Order issued by the Court and may not be copied or examined except in compliance with that Order." Documents so labeled shall be kept by the Clerk of this Court under seal and shall be made available only to the Court or counsel of record for the parties. If any party fails to file confidential material in accordance with this paragraph, any party may request that the Court place the filing under seal.

6. Any argument, discussion, or examination of any witness privy to the confidential material as to any confidential information shall be done *in camera* and any record of such argument, discussion, or examination shall be kept under seal. Plaintiff Shepherd and counsel for each party shall only discuss in open court the summaries of confidential information as worded by Defendant and/or CDCR contained in any non-confidential record (*i.e.*, the summaries of confidential information as written in the CDCR 1030 Confidential Information Disclosure Forms, informational chronologies, or other non-confidential records).

7. Plaintiff shall not be permitted to physically possess the documents in his cell as this will subject the documents to disclosure to other inmates Plaintiff is housed with or who may have access to Plaintiff's cell. Instead, the documents will remain in Plaintiff's counselor's office where Plaintiff can view them or have copies made to file under seal only.

8. Each person to whom disclosure of confidential Documents and the information contained therein is made shall, prior to the time of disclosure, be provided a copy of this order and shall agree in writing that he or she has read this order, understands the provisions and conditions, and agrees to be bound by its provisions, and consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding relating to the enforcement of this order, including, without limitation, any proceeding for contempt.

9. At the conclusion of this litigation, including appeals, all confidential Documents, including copies, shall be destroyed or returned to the Defendants.

10. When Plaintiff returns or destroys the confidential Documents, Plaintiff shall provide Defendant's counsel with a declaration stating that all confidential Documents have been returned or destroyed.

11. All confidential Documents and the information contained therein shall be used solely in connection with this litigation, including appeals, and not for any other purpose, including other litigation.

12. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential Documents to which they would have access in the normal course of their official duties.

13. The provisions of this protective order are without prejudice to the right of any party:

    a. To apply to the Court for a further protective order relating to any confidential Documents or material, or relating to discovery in this litigation;

    b. To apply to the Court for an order removing the confidential material designation from any Documents;

    c. To object to a discovery request.

14. Any violation of this order may result in sanctions by this Court, including contempt, and may be punishable by state or federal law.

15. The provisions of this order shall remain in effect until further order of this Court. The Court will provide counsel for Defendant and/or CDCR an opportunity to be heard should the Court find modification of this order necessary.

**IT IS SO ORDERED**.

Dated: June 21, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/shep0084.prot or